# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

ABDELRAHMAN HASSAB EL NABI,

               Plaintiff,

  -against-

CITY OF NEW YORK; Sergeant MATTHEW TOCCO; Police Officer STEPHEN CENTORE, Shield #31854; Deputy Inspector ELIAS NIKAS; and JOHN and JANE DOE 1-10,

               Defendants.

Index No.:
Date Purchased:

Plaintiff designates New York County as place of venue

**SUMMONS**

<u>The basis of the venue is</u>:
Situs of the Occurrence

To the above-named Defendants:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: March 22, 2021
     New York, New York

            Yours, etc.,
            **ELEFTERAKIS, ELEFTERAKIS & PANEK**

            By: _____

               **Gabriel P. Harvis, Esq.,**
               ***Attorneys for the Plaintiff***
               80 Pine Street, 38th Floor
               New York, New York 10005
               (212) 532-1116

<u>Defendants:</u>

**CITY OF NEW YORK**

100 Church Street

New York, NY 10007

Sergeant MATTHEW TOCCO

Disorder Control Unit

1278 Sedgwick Avenue

Bronx, NY 10452

Police Officer STEPHEN CENTORE, Shield #31854

Strategic Response Group

1278 Sedgwick Avenue

Bronx, New York 10452

Deputy Inspector ELIAS NIKAS

40th Precinct

257 Alexander Ave

Bronx, NY 10454

Failure to respond will result in a judgment against you by default and interest from July 28, 2020.

Case 1:21-cv-03768-LAK   Document 1-1   Filed 04/28/21   Page 4 of 23

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

ABDELRAHMAN HASSAB EL NABI,

                Plaintiff,

   -against-

CITY OF NEW YORK; Sergeant MATTHEW
TOCCO; Police Officer STEPHEN CENTORE,
Shield #31854; Deputy Inspector ELIAS NIKAS; and
JOHN and JANE DOE 1-10,

               Defendants.

Index No.:
Date Purchased:

**VERIFIED
COMPLAINT**

Plaintiff ABDELRAHMAN HASSAB EL NABI, by his attorneys,
ELEFTERAKIS, ELEFTERAKIS & PANEK, complaining of the defendants,
respectfully alleges:

## JURISDICTION

1.     This action falls within one or more of the exemptions set forth in CPLR
§ 1602.

2.     The action arises under the First, Fourth, Fifth, Sixth and Fourteenth
Amendments of the United States Constitution and the laws of the State of New York.

3.     Jurisdiction is conferred by 42 U.S.C. § 1983 and the laws of the State of
New York.

Case 1:21-cv-03768-LAK Document 1-1 Filed 04/28/21 Page 5 of 23

4.      On or about October 28, 2019, and within ninety (90) days after the claim arose, plaintiff duly served, presented, and filed a Notice of Claim, in writing, upon defendants in accordance with General Municipal Law 50-e, and which set forth the following:

      a.  the nature of the claim;

      b.  the time when, place where, and manner in which the claim arose; and

      c.  the items of damages and injuries sustained.

5.      On or about February 10, 2021, within ninety (90) days after favorable termination of the criminal charges, plaintiff duly served, presented, and filed a supplemental Notice of Claim, in writing, upon defendants in accordance with General Municipal Law 50-e, and which set forth the following:

      a.  the nature of the claim;

      b.  the time when, place where, and manner in which the claim arose; and

      c.  the items of damages and injuries sustained.

6.      That more than thirty (30) days have elapsed since the presentation of the aforesaid claim, and defendants have neglected and/or refused to make an adjustment and/or payment on plaintiff's claim.

7.      The City of New York examined plaintiff pursuant to G.M.L. § 50-h on or about February 25, 2021 in connection with both Notices of Claim.

8.      That the action has been commenced within one year and ninety days of the accrual of the cause of action.

<u>PARTIES</u>

9.      Plaintiff Abdelrahman Hassab El Nabi is a resident of the State of New York.

10.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York. Defendant City, acting through the New York Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

11.      The individual defendants were, at all relevant times, employees of the NYPD. In their interactions with plaintiff these defendants were acting in the capacity of agent, servant and employee of defendant City of New York and acted within the scope of their employment and under color of state law. These defendants, *inter alia*, used excessive force against plaintiff and fabricated criminal charges against him,

forwarded them to prosecutors and deprived plaintiff of his liberty. These defendants are sued in their individual capacities.

12.     John and Jane Doe 1-10 are Police Officers and/or supervisors involved in the illegal conduct set forth herein that deprived plaintiff of his rights. John and Jane Doe 1-10 are sued in their individual capacities.

13.     At all times here mentioned, the individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. On or about July 28, 2020, at approximately 6:35 p.m., Mr. Hassab El Nabi, a photographer, was documenting a nonviolent protest march in the area of Madison Avenue and East 25th Street in Manhattan.

15. Plaintiff, who had violated no law, was suddenly and violently thrown to the ground, punched, kicked and groped by defendant officers.

16. While Mr. Hassab El Nabi was on the ground offering no resistance, a defendant, believed to be Nikas, jabbed plaintiff in the eye.



17. Mr. Hassab El Nabi was arrested, put in a police van and taken to an NYPD precinct.

18.     At the precinct, defendants including Tocco and Centore prepared and forwarded prosecutors false police paperwork alleging that Mr. Hassab El Nabi had engaged in violent conduct and refused police orders.

19.     Video evidence and witness accounts establish the falsity of defendants' allegations.

20.     Having caused serious injury to Mr. Hassab El Nabi without justification and in the absence of even arguable probable cause, defendants kept plaintiff confined until the following day, when plaintiff was arraigned on the false charges and released.

21.     On the threat of the issuance of an arrest warrant and of arrest, plaintiff was required to attend court proceedings in connection with the false criminal charges.

22.     On or about January 7, 2021, the prosecution terminated in Mr. Hassab El Nabi's favor when all criminal charges were dismissed.

23.     As a result of defendants' misconduct, Mr. Hassab El Nabi suffered emotional distress, loss of liberty, mental anguish, fear, pain, bodily injury, anxiety, property damage, embarrassment and humiliation.

<u>FIRST CLAIM</u>
False Arrest

24.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25. Defendants violated the First, Fourth, Fifth, Sixth and Fourteenth Amendments because they arrested plaintiff without probable cause.

26. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### State Law False Imprisonment and False Arrest

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

29. Plaintiff was conscious of his confinement.

30. Plaintiff did not consent to his confinement.

31. Plaintiff's confinement was not otherwise privileged.

32. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

33. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## THIRD CLAIM
### Malicious Prosecution

34.     Plaintiff repeats and realleges each and every allegation as if fully set forth

herein.

35.     By their conduct, as described herein, and acting under color of state law,

defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his

constitutional right to be free from malicious prosecution under the Fourth and

Fourteenth Amendments to the United States Constitution.

36.     Defendants' unlawful actions were done willfully, knowingly, with malice

and with the specific intent to deprive plaintiff of his constitutional rights. The

prosecution by defendants of plaintiff constituted malicious prosecution in that there

was no basis for the plaintiff's arrest, yet defendants continued with the prosecution,

which was resolved in plaintiff's favor.

37.     As a direct and proximate result of the misconduct and abuse of authority

stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### State Law Malicious Prosecution

38.     Plaintiff repeats and realleges each and every allegation as if fully set forth

herein.

39.     By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

40.     Defendants maliciously commenced a criminal proceeding against plaintiff. Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

41.     The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

42.     All charges were terminated in plaintiff's favor.

43.     Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

44.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Unreasonable Force

45.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

47.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### State Law Assault and Battery

48.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49.     By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

50.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

51.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SEVENTH CLAIM
### Denial of Constitutional Right to Fair Trial

52.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53.     The individual defendants created false evidence against plaintiff.

54.     The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

55.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

56.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Malicious Abuse of Process

57.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58.     The individual defendants issued legal process to place plaintiff under arrest.

59.     The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him and punish him for documenting a protest.

60.     The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

61.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Negligent Hiring/Training/Retention

62.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63.   Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

64.   Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

65.   Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

66.   Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

67. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### First Amendment Retaliation

68. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

70. As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful

Case 1:21-cv-03768-LAK Document 1-1 Filed 04/28/21 Page 17 of 23

acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

71.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Intentional Infliction of Emotional Distress

72.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

73.     By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

74.     The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

75.     Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

Case 1:21-cv-03768-LAK    Document 1-1    Filed 04/28/21    Page 18 of 23

76.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

<u>TWELFTH CLAIM</u>
Negligent Infliction of Emotional Distress

77.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

78.     By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

79.     The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

80.     Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

81.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRTEENTH CLAIM
### Failure to Intervene

82.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

83.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

84.    Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth, Sixth and Fourteenth Amendments.

85.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTEENTH CLAIM
### *Monell*

86.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

87.    The City of New York is responsible for the injuries sustained by plaintiff pursuant to 42 U.S.C. § 1983 because the injuries were proximately caused by policies of the City of New York.

Case 1:21-cv-03768-LAK   Document 1-1   Filed 04/28/21   Page 20 of 23

88.     Specifically, the City of New York and its NYPD adopted a policy of aggressive over-policing in their response to the protests that followed the death of George Floyd.

89.     The City and its NYPD failed to train its officers to peacefully and constitutionally appear at protest marches, even though the municipality knew to a moral certainty that officers would encounter citizens, like plaintiff, who were engaged in First Amendment-protected speech activities.

90.     These failures have been the subject of numerous reports, including by the New York State Attorney General and NYPD Inspector General, as well as individual damages actions and class action litigation.

91.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTEENTH CLAIM
### Punitive Damages & Attorney's Fees

92.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

93.     The actions of the defendants herein-above alleged, were malicious, willful and grossly negligent.

94.     Accordingly, plaintiff is entitled to punitive damages and attorney's fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, plaintiff, Abdelrahman Hassab El Nabi, demands that judgment, compensatory, exemplary and punitive, in an amount exceeding jurisdictional limits of all lower Courts be entered against defendants on all counts, along with reasonable attorney's fees and costs.

Dated: March 22, 2021
        New York, New York

                        Yours, etc.,

                        **ELEFTERAKIS, ELEFTERAKIS & PANEK,**

                        By: _____
                             **Gabriel P. Harvis, Esq.**
                             80 Pine Street, 38th Floor
                             New York, New York 10005
                             (P)(212) 532-1116
                             (F)(212) 532-1176

                             *Attorneys for plaintiff*

<u>ATTORNEY'S VERIFICATION</u>

STATE OF NEW YORK       )

                              ) SS:

COUNTY OF NEW YORK    )

The undersigned, an attorney admitted to practice in the Courts of the State of New York, and a partner of the law firm of Elefterakis, Elefterakis, & Panek, attorneys of record for the plaintiff herein, affirms:

That he has read the attached SUMMONS AND COMPLAINT and the same is true to his own knowledge, except as to the matters alleged on information and belief, and as to those matters, he believes them to be true to the best of his knowledge.

That affiant's sources of information are investigation and files maintained in your affiant's law office.

That this verification is made by your affiant due to the fact that plaintiff does not presently reside within the county in which your affiant maintains his law office or is presently outside the county in which your affiant maintains his law office.

The undersigned affirms that the foregoing statements are true, under penalties of perjury.

Dated: New York, New York
     March 22, 2021

_____

Gabriel P. Harvis, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

ABDELRAHMAN HASSAB EL NABI,

Plaintiff,

-against-

CITY OF NEW YORK; Sergeant MATTHEW TOCCO; Police Officer STEPHEN
CENTORE, Shield #31854; Deputy Inspector ELIAS NIKAS; and JOHN and JANE DOE 1-
10,

Defendants.

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
212.532.1116

**Summons and Verified Complaint**

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:

GABRIEL P. HARVIS, ESQ., the undersigned, an attorney admitted to practice in the
Courts of New York State, affirms the following:

I further certify that my signature below acts as a "certification" for the documents
attached hereto, in compliance with section 130-1.1-a of the Rules of the Chief Administrator (22
NYCRR).

Dated: New York, New York
        March 22, 2021

_____
Gabriel P. Harvis, Esq.

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005