

eeplaw.com
80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

April 17, 2023

**BY ECF**
Honorable Jennifer E. Willis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re:  *Hassab El Nabi v. Tocco, et al.*, 21 CV 3768 (LAK) (JW)

Your Honor:

   I am plaintiff's former counsel. I write pursuant to the order dated March 14, 2023 to respectfully seek enforcement of this firm's charging lien.

   At a hearing on February 9, 2023, this Honorable Court ruled that this firm was not terminated for cause and that the settlement of the action had primarily resulted from defense counsel's investigation and not the efforts of plaintiff's current counsel. *See* Transcript at DE #55, p. 4, ln. 4-16; p. 5, ln. 2-p. 6., ln. 10; p. 6, ln. 23-p. 7, ln. 21; p. 9, ln. 4-7, 16-18; p. 10, ln. 6-8; p. 13, ln. 23-p. 14, ln. 2; p. 14, ln. 18-21. Thus, if it should please the Court, the only remaining question is the amount to which this firm is entitled.

   "In assessing the proportionate contributions…of prior and current counsel, courts consider as factors the time and labor spent by each, the actual work performed, the difficulty of the questions involved, the skill required to handle the matter, the attorney's skills and experience, and the effectiveness of counsel in bringing the matter to resolution." *Vitalone v. City of New York*, 395 F. Supp. 3d 316, 323 (S.D.N.Y. 2019) (collecting cases) (internal quotation marks and citations omitted).

> The determination of an appropriate sum for an attorney's charging lien is committed to the sound discretion of the trial court, and thus a court is not required to precisely spell out how it weighed the various factors making up the fee allowed. Accordingly, in determining the proper allocation of fees in the case of a charging lien in New York, courts need not engage in the lodestar analysis of calculating a presumptively reasonable fee as in the case for calculating a statutory attorney fee award due to a prevailing party.

*Id.* (collecting cases) (brackets, citations and internal quotation marks omitted).

Hon. Jennifer E. Willis
April 17, 2023

  As reflected in the contemporaneous billing records annexed hereto as Exhibit 1 and the docket, this firm diligently represented plaintiff during several substantive phases of litigation from August 6, 2020 until June 30, 2022, a period of 694 days. Current counsel represented plaintiff from June 30th until the matter was settled on November 10, 2022, a period of 134 days. Thus, this firm represented plaintiff for over 83% of the case lifespan while current counsel represented plaintiff for less than 17% of the case's pendency.[1]

  With respect to former counsel's qualifications, we respectfully refer the Court to p. 1 & n.1-3 of the parties' submission at DE #49 and submit that counsel's qualifications are sufficient to fully satisfy this factor of the analysis.

  In light of the foregoing, and accounting for current counsel having represented plaintiff at the time of the settlement, we respectfully request that this firm be awarded 80% of the fee ($58,660.80), along with $1,596.39 of advanced client costs as documented in Exhibit 1, for a total award of $60,257.19.

  Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc: All Counsel

---

[1] In a good faith effort to resolve the instant charging lien without burdening the Court, this firm provided complete billing records to plaintiff's current counsel in December 2022. However, as of this writing, plaintiff's current counsel has never produced billing records to the undersigned or otherwise disclosed the time they devoted to the matter.