# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

ABDELRAHMAN HASSAB EL NABI,

                Plaintiff,

    -against-

CITY OF NEW YORK, et al.,

                Defendants.

---

**21 CV 3768 (LAK) (JW)**

Memorandum of Law in Support of
Motion to Enforce Charging Lien

Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005

May 25, 2023

## Table of Contents

Table of Authorities ........................................................................... ii

No Hearing is Required ..................................................................... 1

Substitute Counsel's Request for a Hearing is Untimely .......................... 3

The Court Correctly Held that the Undersigned was not Terminated for Cause ....... 6

This Firm should be Awarded 80% of the Fee ........................................ 7

Conclusion .................................................................................. 10

Table of Authorities

CASES

*Daane v. Ryder Truck Rental, Inc.*, 18 CV 10489 (JPO), 2023 WL 2330256 (S.D.N.Y. Mar. 2, 2023) ...................................................................... 5

*Dodakian v. United States*, 14 CV 01188 (AJN) (SN), 2015 WL 11144511 (S.D.N.Y. Aug. 14, 2015) ........................................................................................ 2

*Greenberg v. Cross Island Indus., Inc.*, 522 F. Supp. 2d 463 (E.D.N.Y. 2007) ............ 6

*In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 14 MD 2542 (VSB), 2019 WL 2603187 (S.D.N.Y. June 25, 2019) ...................................... 3

*Jackson v. Nassau Cnty.*, ___ F.Supp.3d ____, 18 CV 3007 (JS) (AYS), 2022 WL 1460241 (E.D.N.Y. May 9, 2022) ...................................................... 8

*Kovach v. City Univ. of New York*, 13 CV 7198 (LGS), 2015 WL 3540798 (S.D.N.Y. June 4, 2015) .............................................................................................. 1

*Machibroda v. United States*, 368 U.S. 487 (1962) ...................................... 3

*Martinez v. City of New York*, 330 F.R.D. 60 (E.D.N.Y. 2019) ................................. 8

*NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187 F. Supp. 3d 390 (S.D.N.Y. 2016) . 4

*Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147 (2d Cir. 2003) ........................................................ 4

*Pettiford v. City of Yonkers*, 14 CV 6271 (JCM), 2020 WL 1331918, (S.D.N.Y. Mar. 20, 2020), *aff'd*, 833 F. App'x 893 (2d Cir. 2020)................................................. 1

*Realuyo v. Diaz*, 98 CV 7684 (GBD), 2006 WL 695683 (S.D.N.Y. Mar. 17, 2006) . 6

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995) ...................................... 4

*Trade Co. v. FleetBoston Fin. Corp.*, 03 CV 10254 (JFK), 2009 WL 4667102 (S.D.N.Y. Dec. 9, 2009) ............................................................................ 3

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245 (2d Cir. 1992) ......... 5

*Vitalone v. City of New York*, 395 F. Supp. 3d 316 (S.D.N.Y. 2019)......................... 7

## No Hearing is Required

"[C]ourts routinely decline to hold" evidentiary hearings on motions to enforce charging liens – including on the issue of termination for cause – where, as here, the record regarding the circumstances of the substitution and prior counsel's contributions to the prosecution is clear. *Kovach v. City Univ. of New York*, 13 CV 7198 (LGS), 2015 WL 3540798, *4 (S.D.N.Y. June 4, 2015) (collecting cases).

In *Pettiford v. City of Yonkers*, a decision affirmed by the Second Circuit, the Hon. Judith C. McCarthy recently determined the value of a charging lien without a hearing, finding it "appropriate to determine the issue of attorney's fees based on a review of the records and the parties' submissions." 14 CV 6271 (JCM), 2020 WL 1331918, *2-4 & n.3 (S.D.N.Y. Mar. 20, 2020), *aff'd*, 833 F. App'x 893 (2d Cir. 2020).

As in *Kovach* and *Pettiford*, no hearing is required to resolve the instant motion. First, the Court has significant familiarity with the relevant facts as it recently presided over two settlement conferences coinciding with the brief period in which substitute counsel appeared on behalf of plaintiff. Indeed, the Court appropriately cited its own observations and knowledge in support of its holdings as articulated during the February 9, 2023 conference. *See* Transcript at DE #55, p. 4, ln. 4-16; p. 5, ln. 2-p. 6., ln. 10; p. 6, ln. 23-p. 7, ln. 21; p. 9, ln. 4-7, 16-18; p. 10, ln. 6-8; p. 13, ln. 23-p. 14, ln. 2; p. 14, ln. 18-21. Second, in advance of the February 9th conference and pursuant to the

order dated January 23, 2023, the undersigned outlined the circumstances surrounding the change in counsel as supported by contemporaneous written communications. *See* Declaration of Gabriel P. Harvis dated May 25, 2023 ("Harvis Decl."), Exhibits 1-14. Notably, by the time of the February 9th conference, plaintiff's current counsel was aware of both the Court's January 23rd order and the fact of plaintiff's submission (and, presumably, whatever contrary evidence they now claim exists), yet they never sought leave to supplement the record, review the *in camera* submission or raise any concerns at the February 9th conference or in the ensuing seven weeks.

Particularly given that the undersigned has now further supplemented the record to provide detailed billing and expense records (which were provided to plaintiff's current counsel over five months ago) and that, as of this writing, current counsel has not provided any billing records (or even a summary of the time expended), an ample record exists to adjudicate this dispute and no hearing is needed. *See* Harvis Decl., Exhibit 15.

Lastly, we respectfully note that, aside from vague innuendo, current counsel has failed, even at this late stage, to identify or disclose the evidence supposedly proving that the undersigned was terminated for cause. This also counsels against the need for a hearing. *Cf.*, *e.g., Dodakian v. United States*, 14 CV 01188 (AJN) (SN), 2015 WL 11144511, *24 (S.D.N.Y. Aug. 14, 2015), *report and recommendation adopted*, 14 CV 1188 (AJN), 2016 WL 3866581 (S.D.N.Y. July 12, 2016) (denying a request for a

hearing on a *habeas corpus* petition and noting, even in that grave context, that "[w]here allegations are vague, conclusory, or palpably incredible…a hearing is unnecessary") (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962) (internal quotation marks omitted)).

<u>Substitute Counsel's Request for a Hearing is Untimely</u>

"In the Southern District, a motion for reconsideration of an interlocutory order must comply with Local Civil Rule 6.3.…Failure to adhere to Local Rule 6.3's time limitations is in and of itself a sufficient reason to deny a motion for reconsideration." *Sea Trade Co. v. FleetBoston Fin. Corp.*, 03 CV 10254 (JFK), 2009 WL 4667102, *3 (S.D.N.Y. Dec. 9, 2009) (citations omitted) (collecting cases); *accord, e.g., In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 14 MD 2542 (VSB), 2019 WL 2603187, *2 (S.D.N.Y. June 25, 2019) ("The fourteen-day deadline for motions for reconsideration is not merely a procedural quirk, it serves to protect the integrity of proceedings before the Court by ensuring some measure of finality.") (citation and internal quotation marks omitted).

"[A] district court's interlocutory order may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Id.* (quoting *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147,

167 (2d Cir. 2003) and citing *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) for the proposition that "a motion for reconsideration is appropriate only where the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court") (quotation marks omitted).

It is beyond cavil that the Court's reasoned findings as unambiguously stated at the February 9th conference – that this firm was not terminated for cause and that the settlement of the action had primarily resulted from defense counsel's investigation and not the efforts of plaintiff's current counsel – constitute interlocutory orders triggering the application of Local Civil Rule 6.3. *See* Conference Transcript at DE #55, p. 4, ln. 4-16; p. 5, ln. 2-p. 6., ln. 10; p. 6, ln. 23-p. 7, ln. 21; p. 9, ln. 4-7, 16-18; p. 10, ln. 6-8; p. 13, ln. 23-p. 14, ln. 2; p. 14, ln. 18-21. The same is true of the earlier January 23, 2023 order instructing plaintiff to submit documentation regarding the change in counsel for *in camera* review.

Thus, to the extent substitute counsel believed there was a defect in the findings of this Honorable Court as articulated at a conference they attended, or a need for a more fulsome procedure, they were required to raise those matters at the conference or within fourteen days thereafter. *See NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187 F. Supp. 3d 390, 395 (S.D.N.Y. 2016) ("A court must narrowly construe and strictly apply Rule

4

6.3 so as to avoid duplicative rulings on previously considered issues and prevent Rule 6.3 from being used to advance different theories not previously argued or as a substitute for appealing a final judgment.") (citations omitted).

Moreover, none of the justifications that might warrant merits adjudication of an untimely reconsideration motion are present in this case. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Substitute counsel does not and cannot claim a change in controlling law and there is no suggestion that new evidence has somehow come to light. *See NEM Re Receivables, LLC*, 187 F.Supp. 3d at 396 ("A motion to reconsider is not petitioner's opportunity to put forward evidence that he could have, but failed, to provide the Court when the Court initially considered the motion.") (collecting cases) (citations omitted). To the contrary, substitute counsel has merely offered counsel's own alleged misapprehension of the Court's clear rulings as a basis to disturb them. *See* DE #57, *generally.* This fails as a matter of law. *Daane v. Ryder Truck Rental, Inc.*, 18 CV 10489 (JPO), 2023 WL 2330256, *3 (S.D.N.Y. Mar. 2, 2023) (denying reconsideration and noting that "attorneys appearing before courts of this District are not only generally charged with awareness of the local rules, but they are also *specifically* charged with awareness of and adherence to the Local Rules") (emphasis in original).

If it should please the Court, there is also no manifest injustice, or indeed any injustice at all, in the procedure and evidence used by the Court in conducting its inquiry. Nothing prevented substitute counsel from objecting or offering additional evidence – they simply failed to do so.

<u>The Court Correctly Held that the Undersigned was not Terminated for Cause</u>

As set forth in the undersigned's letter to the Court dated January 27, 2023, the undersigned diligently represented the plaintiff and attempted to prosecute the action responsibly, as documented in contemporaneous communications. *See* Harvis Decl., Exhibits 1-14. Nothing in the communications or the broader record would support, let alone compel, the conclusion that the undersigned was deficient in his representation or otherwise terminated for cause. *See Greenberg v. Cross Island Indus., Inc.*, 522 F. Supp. 2d 463, 467 (E.D.N.Y. 2007) ("Something more than a personality conflict or difference of opinion is required to establish discharge for cause and courts typically find a discharge for cause where there has been a significant breach of legal duty.") (citations, brackets and internal quotation marks omitted); *see also, e.g., Realuyo v. Diaz*, 98 CV 7684 (GBD), 2006 WL 695683, *7 (S.D.N.Y. Mar. 17, 2006) (reviewing communications surrounding discharge and concluding that termination was not for cause).

In point of fact, the record in this case reveals that there was no breach of duty or unreasonable conduct on the part of the undersigned. There was, at most, a personality conflict traceable to plaintiff's own unreasonableness, which cannot support a finding of termination for cause as a matter of law. *See id.* Thus, the Court was entirely correct in its "finding," announced almost four months ago, that the undersigned was not "terminated for cause." DE #55 at p. 7, ln. 4-6.

<u>This Firm should be Awarded 80% of the Fee</u>

"In assessing the proportionate contributions…of prior and current counsel, courts consider as factors the time and labor spent by each, the actual work performed, the difficulty of the questions involved, the skill required to handle the matter, the attorney's skills and experience, and the effectiveness of counsel in bringing the matter to resolution." *Vitalone v. City of New York*, 395 F. Supp. 3d 316, 323 (S.D.N.Y. 2019) (collecting cases) (internal quotation marks and citations omitted).

> The determination of an appropriate sum for an attorney's charging lien is committed to the sound discretion of the trial court, and thus a court is not required to precisely spell out how it weighed the various factors making up the fee allowed. Accordingly, in determining the proper allocation of fees in the case of a charging lien in New York, courts need not engage in the lodestar analysis of calculating a presumptively reasonable fee as in the case for calculating a statutory attorney fee award due to a prevailing party.

*Id.* (collecting cases) (brackets, citations and internal quotation marks omitted).

As reflected in the contemporaneous billing records annexed to the Harvis Decl. as Exhibit 15 and the docket, this firm diligently represented plaintiff during several substantive phases of litigation from August 6, 2020 until June 30, 2022, a period of 694 days. Current counsel represented plaintiff from June 30th until the matter was settled on November 10, 2022, a period of 134 days. Thus, this firm represented plaintiff for over 83% of the case lifespan while current counsel represented plaintiff for less than 17% of the relevant period.

With respect to this firm's qualifications, we have substantial experience prosecuting and defending § 1983 cases in the federal courts. The undersigned and Baree N. Fett are former government lawyers who each served as Assistant Corporation Counsel defending the NYPD and other agencies in the Special Federal Litigation Division of the New York City Law Department. Since entering private practice, we have spent over a decade representing mostly indigent plaintiffs in such cases. *See Martinez v. City of New York*, 330 F.R.D. 60, 71 (E.D.N.Y. 2019) ("The Court recognizes that counsel in the instant case [the undersigned and Ms. Fett] have collectively litigated over 716 civil rights cases in this district and in the Southern District of New York, and both have extensive trial experience…"); *Jackson v. Nassau Cnty.*, ___ F.Supp.3d ____, 18 CV 3007 (JS) (AYS), 2022 WL 1460241, *4 (E.D.N.Y. May 9, 2022) (awarding fees

to the undersigned at $500 per hour and noting that "counsel has extensive experience in civil rights litigation").

In the past approximately ten months, the undersigned and Ms. Fett have, *inter alia*, resolved a client's high-profile wrongful conviction claims for nearly $18 million,[1] obtained a $600,000 jury verdict[2] and disqualified defense counsel in another important wrongful conviction case in federal court.[3]

In light of the foregoing, and accounting for current counsel having represented plaintiff at the time of the settlement, we respectfully request that this firm be awarded 80% of the fee ($58,660.80), along with $1,596.39 of advanced client costs as documented in Exhibit 15 to the Harvis Decl., for a total award of $60,257.19.

---

[1] *See* Weiser, Ben, N.Y. TIMES, Dec. 2, 2022, *Man Exonerated in 1990 Subway Killing of Tourist to Get $18 Million* (accessible at: http://bit.ly/3XFwbG2).
[2] *See Martinez v. City of New York*, 16 CV 79 (NRM) (CLP) (DE #237) (reflecting verdict).
[3] *See* Wester, Jane, N.Y. LAW JOURNAL, Mar. 7, 2022, *US Judge Upholds Law Firm's Disqualification From Defending Nassau Co., Police in Civil Rights Suit* (accessible at: http://bit.ly/3IUUsE0).

<u>Conclusion</u>

For the foregoing reasons, this firm respectfully requests that the Court enforce the

asserted charging lien as set forth above.

Dated:          May 25, 2023
                New York, New York

                              Elefterakis, Elefterakis & Panek

                              _____
                              Gabriel P. Harvis
                              80 Pine Street, 38th Floor
                              New York, New York 10005
                              (212) 532-1116

10