# THE ABOUSHI LAW FIRM, PLLC

**1441 Broadway Fifth Floor**
**New York, NY 10018**
**Phone: (212) 391-8500**
**Fax: (212) 391-8508**
**www.Aboushi.com**

---

January 24, 2024

BY: ECF
Hon. Jennifer E. Willis
United States Magistrate Judge
40 Foley Square, Room 228
United States Courthouse
New York, NY 10007

        **Re:**
                **El Nabi v. City of New York**
                **21-cv-03768 (LAK) (JW)**

Dear Hon. Willis,

      We represent Plaintiff Hassab El Nabi in the above referenced matter. We write to supplemental current counsel's opposition the prior counsel's motion seeking enforcement of prior counsel's charging lien. Dkt. No. 60. On January 18, 2024, we received a response to our Freedom of Information Act request which entailed email communications between assistant corporation counsel, Brian Francolla and prior counsel, Gabe Harvis. These emails are part and parcel of, as noted in the sur-reply, those "paper records reflecting [the settlement] process" (Dkt. No. 77 at 3) that we suggested the Court needed to review before resolving fact disputes — and ultimately, they suggest Mr. Harvis's summary of value added to the case is not one even he believes.

1

Therefore, we move to supplement the record on the motion with these emails, and renew the request that — if the Court is not going to simply resolve this on the undisputed contract ground (*see* Dkt. No. 77 at 1) — the Court require disclosure of relevant records and a hearing.

First, while Mr. Harvis is seeking nearly all of the attorney fees after claiming he had done all of the work in this matter, his more candid assessment is that the result achieved was well outside of how he had valued the case and the value his firm contributed. *See, e.g.,* Exhibit A at 1 (result was "[m]ore than I expected").

Second and relatedly, Mr. Francolla's more candid presentation in his emails undermine the assertions in his declaration, and emphasize that if the Court is not going to resolve this on the contract ground Mr. Harvis avoided addressing at all in any sworn statement (Dkt. No. 77 at 1), cross-examination on disputed facts is critical. Mr. Harvis apparently drafted the entire declaration Mr. Francolla signed (something genuinely strange among supposedly adverse counsel). But Mr. Francolla was not willing to go as far as Mr. Harvis wanted, making clear he could not "say [substitute counsel's] work had zero to do with the process" of reaching the settlement result. And indeed, further to that, there was apparently something further Mr. Francolla was not willing to say ***at all***, saying — in response to Mr. Harvis's expression of surprise about how the settlement result got as high as it did — that he could only "s[hare] some of the insight why one of these days ***once we're through this***." Exhibit A at 1 (emphasis added). Then, Mr. Harvis drafted a declaration, which Mr. Francolla signed. Mr. Francolla has never shared the "insight why" the settlement was as high as it was. But his refusal to say that bears on credibility, and contextually, it is clear something was at play beyond what Mr. Francolla's declaration says.

Third — and consistent with the issues discussed in the opposition (*see* Dkt. No. 68 at 3-7) — Mr. Harvis appears to have violated Mr. El Nabi's confidences again. Mr. Harvis did not

once seek Mr. El Nabi's permission to disclose privileged materials to City lawyers, but that privilege belongs to the client alone (and even if he disagreed, he should have sought permission and then an order).  In his own words, Mr. Harvis acknowledges that the materials filed "contain confidential attorney-client communications and work product."  Dkt. No. 63.  Yet, Mr. Harvis apparently disclosed all of those privileged records (that is, the full papers, unredacted, along with all exhibits) to counsel for an adverse party.[1]

Last — and perhaps minor in comparison — Mr. Harvis's communications with the City lawyer reveal that he agrees he missed deadlines, but his understanding is that it was fine because **opposing counsel** would consent.  Exhibit B at 7.  But that was not the issue.  The issue is that, in terms of discovery extensions, the Court's word is final.  And indeed, Judge Kaplan only granted a very limited extension, despite the changing of counsel and no discovery requests served.  Had Mr. Harvis remained counsel, Judge Kaplan may well have just said — as Judge Cote did in *Raydo* (and discussed in the papers) — that the plaintiff was out of luck and not allowed any discovery at all.

Thus, Plaintiff asks the Court to expand the motion record to include these communications. We thank Your Honor for your time and attention to this matter.

Respectfully Submitted,

/s/
Tahanie A. Aboushi

/s/
J. Remy Green

---

[1] Mr. El Nabi intends to ask the City's lawyer to destroy those materials, and if he refuses, he will seek to compel that action.

3